IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| REDLAND INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>ADVANCED MANAGEMENT CONCEPTS, and STAFFING AMERICA, INC.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO COMPEL**<br><br>Case No: 2:04 CV 213 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

Defendant Staffing America, Inc., moved to compel[1] Plaintiff to designate a witness pursuant to a notice of deposition issued under Fed. R. Civ. P. 30(b)(6), and to compel the location of the deposition to be in Salt Lake City, Utah, the court's location.

Plaintiff designated a witness after the motion to compel was filed, and proposes that the deposition be taken in Iowa, where the representative resides and has his office.[2] Plaintiff claims that the general rule that depositions of corporate plaintiffs' representatives are to be taken in the forum of filing does not apply because this forum was forced on Plaintiff.[3]

---

[1]   Motion to Compel, docket no. 67, filed June 28, 2005.

[2]   Memorandum in Opposition to Staffing America's Motion to Compel (Opposition Memorandum) at 3, docket no. 79, filed July 26, 2005.

[3]   *Id.* at 4.

Generally, plaintiffs are required to appear for deposition in the district the suit is pending, and this is true for officers of corporate plaintiffs.[4]  However, Plaintiff cites authority for the proposition that the place of filing of the action is of diminished importance where venue is dictated by concerns other than a free choice.[5]  Plaintiff cites a case[6] in which the proposition is mentioned *but not applied*.  That court ordered depositions to be taken in the district of filing.  And in that case the claimed burdens were much heavier than the few sentences offered in this case.  Also in the cited case, counsel were all officed in the district of filing.  All counsel in this case are officed in this district.

There are reported cases in which plaintiffs were not required to appear for deposition in the district of filing but the facts of those cases are more extreme than those present here.  In one, the plaintiff could not leave England without losing the right to seek political asylum there.[7]  In another, the impecunious plaintiff was wheelchair bound, faced with traveling from his home in Minneapolis to New York by train.  "[S]ince plaintiff has no artificial legs the only way he could travel to New York would be to have an attendant accompany him and carry him to and from a plane or train."[8]  These cases may illustrate the extreme circumstances which will entirely excuse a plaintiff from appearing for deposition in the district of filing.

---

[4]   8A Wright, Miller & Marcus, Federal Practice and Procedure, § 2112.

[5]   Opposition Memorandum at 5.

[6]   *Tolon v. Board of County Comm'rs*, No. 95-2001- GTV, 1995 U.S. Dist. LEXIS 19100, 1995 WL 761452, at *3 (D. Kan. Dec. 18, 1995)(unpublished decision).

[7]   *Abdullah v. Sheridan Square Press, Inc.*, 154 F.R.D. 591, 592 (S.D.N.Y. 1994).

[8]   *Sullivan v. Southern Pac. Co.,* 7 F.R.D. 206, 207 (S.D.N.Y.1947).

All the decisions cited are district court cases. The dearth of appellate decisions is probably because "[t]he trial court has great discretion in establishing the time and place of a deposition."[9] An appellate court will reverse

> only when the trial court bases its decision on an erroneous conclusion of law or where there is no rational basis in the evidence for the ruling. A reviewing court should not substitute its judgment for that of a trial court. It is the unusual or exceptional case where the reviewing court will vacate a protective order entered by a trial court under Fed.R.Civ.P. 26(c).[10]

Therefore, these cases only stand for the proposition that they represent rational thinking.

On review of all these principles, considering that this case was filed in Utah, that no extraordinary personal or financial hardships have been alleged, and that all counsel are present within this district,

IT IS HEREBY ORDERED that motion to compel is GRANTED and the deposition of the 30(b)(6) designee shall be taken in Salt Lake City, Utah.

IT IS FURTHER ORDERED that on or before August 15, 2005, Defendant may submit proof it its expenses, including attorney's fees, incurred in this motion and Plaintiff may respond on or before August 22, 2005. Thereafter the court will make an appropriate award.

August 5, 2005.

BY THE COURT:

_David Nuffer_
David Nuffer
U.S. Magistrate Judge

---

[9] *In re Standard Metals Corp.,* 817 F.2d 625, 628 (10th Cir. 1987).

[10] *Id.*